Eastern District of Kentucky
FILED
JUL 2 6 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 06-CV-169-JMH

STANFORD USHER                                                    PETITIONER

VS:             **MEMORANDUM OPINION AND ORDER**

STEPHEN M. DEWALT, Warden                                         RESPONDENT

Stanford Usher, who is currently confined at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. He has paid the $5.00 filing fee.

This matter is pending before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

*Pro se* petitions are held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), the district court can dismiss a case at any time if it determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## CLAIM

The petitioner seeks an order requiring the Bureau of Prisons ("BOP") to award him with 981 days of credit, for time already served, on his federal sentence.

## FACTUAL ALLEGATIONS

The petitioner asked the BOP to credit his federal sentence with 981 days of time which he states he spent in federal custody. The days at issue cover almost a three-year period, from December 11, 2000, to August 19, 2003. The BOP denied the petitioner's request for 981days of credit. The petitioner exhausted his claim through all levels of the BOP's administrative process. Having failed there, he filed this §2241 habeas petition on May 30, 2006. He seeks an order directing the BOP to apply 981 days of credit to his federal sentence.

The following is a reconstruction of the relevant factual history. On February 19, 1998, in Georgia state court, the petitioner received a ten-year probated sentence. On August 31, 2000, federal authorities in the Northern District of Georgia arrested the petitioner for drug offenses. He was charged in federal court there, *see United States v. Stanford Usher*, 1:00-CR-645-ODE-LTW-1, and was released via federal bond on September 15, 2000.[1]

Because the petitioner was charged with the federal drug offense while he had been out on parole on the probated 1998 Georgia sentence, the Georgia state authorities arrested the petitioner on October 4, 2000, for having violated the terms of his 10-year probated

---

[1] The petitioner claims that when he was released on September 15, 2000, it was "under stipulation that he was still in federal custody and under the charge of the United States Probation Office." [Petitioner's Memorandum, Record No. 1, p. 2]

2

sentence imposed back in February, 1998. While the petitioner was in state custody for Violation of Probation charges, the United States Marshals borrowed the petitioner on December 11, 2000, pursuant to a writ of *habeas corpus ad prosequendum* in reference to the new federal drug charges filed in the Northern District of Georgia.

On March 14, the United States District Court for the Northern District of Georgia sentenced the Petitioner to a 188-month term of imprisonment. On April 2, 2001, after completion of the federal writ of *habeas corpus ad prosequendum*, the United States Marshals returned the petitioner back to state custody. On May 25, 2001, the state of Georgia revoked the petitioner's probation and sentenced him to serve out the balance of his original ten- year sentence rendered in 1998. The Georgia Department of Corrections began his state sentence on the original date probation was ordered: February 19, 1998. The petitioner was not released from his state sentence until August 19, 2003.

The petitioner contends that when the Georgia Superior Court sentenced him on May 25, 2001, it specifically ordered him to serve the balance of his probated 1998 sentence. He claims, however, that the Georgia Superior Court ordered that "the remainder of Defendant's probation shall run concurrent with his federal case, Case No. 1:00-CR-645-01-ODE." [Petition, p. 5] The petitioner contends that because the two sentences were to run concurrently, the BOP should have credited his federal sentence with the 981 days he was in custody during the period between December 11, 2003, and August 19, 2003 (the date on which he was paroled from his Georgia sentence).

The BOP refused to award the petitioner with 981 days of credit toward his federal

3

sentence. First, the BOP determined that because the petitioner's federal sentence had not been ordered to run concurrent to his state sentence, the petitioner did not begin serving his federal sentence until August 19, 2003, the day he was released from his state sentence.

According to the BOP, the fact that the Georgia Superior Court had ordered the petitioner's state sentence to run concurrent to his federal sentence had no binding effect of the federal court in the Northern District of Georgia, which did not order that the federal sentence run concurrent to the Georgia state sentence.[2]

Second, the BOP concluded that because the State of Georgia had credited the 981 days to the petitioner's *state* sentence (which did not end until August 19, 2003), he was not entitled to "double credit" on his *federal* sentence under 18 U.S.C. §3585(b).[3]

---

2

K. M. White, the Regional Director of the BOP's Mid-Atlantic regional Office, stated in his March 23, 2004 denial of the Petitioner's BP-10 appeal that the Judgment and Commitment from the Northern District of Georgia was *silent* regarding any relationship between it and the yet-to-be-imposed Georgia probation violation term. White further observed that the federal court in Georgia had not provided any documents to the BOP which referred to any type of credit which it intended that the petitioner was to receive on his federal sentence.

3

18 U.S.C. §2585(b) provides as follows:

(b) *Credit for prior custody.*--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.* (Emphasis Added)

4

The petitioner exhausted his claim through all levels of the BOP's administrative process. Having failed there, he filed this §2241 habeas petition on May 30, 2006. He seeks an order directing the BOP to credit 981 days to his federal sentence.

## DISCUSSION

The petitioner's arguments are without merit, as the BOP properly denied the petitioner's demand for credit in the amount of 981 days. The record before the Court clearly documents that the petitioner's state sentence did not conclude until August 19, 2003. On that date, the petitioner completed service of his 1998 Georgia sentence and was released to the primary custody of the United States Marshals.

Simply put, the petitioner remained in primary state custody between December 11, 2000, and August 19, 2003. Under §3585(b), it is the Attorney General, through the BOP, who is authorized to grant a prisoner credit for pre-sentence detention. *Id.*; *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 1818 (1993). However, in the same statute, Congress has specified that the credits are limited to time "that has not been credited against another sentence." *Id.*

Here, the 981 days was applied to the petitioner's state sentence which he did not complete until August 19, 2003. Thus, the petitioner is not entitled to "double dip" by receiving the same amount of credit toward his federal sentence.[4]

Additionally, the BOP is correct in its conclusion that under BOP Program Statement

---

[4] The petitioner did receive credit for the days between August 31, 2000, and September 15, 2000, when he was solely in federal custody.

5

5880.28, *Sentence Computation Manual*, the petitioner is not entitled to credit on his current federal sentence. Between the dates of December 11, 2000, and April 2, 2001, the petitioner was only secondarily in federal custody pursuant to a writ of habeas corpus *ad prosequendum*. Because the petitioner was in fact only "borrowed" be federal authorities while in their custody under writ of to *habeas corpus ad prosequendum*, he remained in the primary custody of the Georgia authorities.

To the extent that the petitioner spent time in federal custody pursuant to this writ, he is not entitled to credit on his current federal sentence. *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368 (6th Cir. (Ky.)) (Table, unpublished). In *Huffman v. Perez*, Huffman alleged that he was entitled to substantial credit for time during which he was primarily in the custody of the North Carolina Department of Corrections and secondarily in the custody of the United States Marshals, pursuant to a writ of *habeas corpus ad prosequendum*. The Sixth Circuit ruled against Huffman, stating as follows:

> [t]he length of time . . . spent on the federal writ of *habeas corpus ad prosequendum* does not require a departure from the general rule prohibiting credit on a federal sentence for time spent serving a state sentence. *See Rios v. Wiley*, 201 F.3d 257, 271-74 (3rd Cir. 2000).

*Huffman* at 1359.

Because Huffman received credit on his state sentence for the period of time in which he had been held secondarily in federal custody pursuant to a writ of *habeas corpus ad prosequendum*, crediting him again for the same time would result in "[i]mproper double credit. *See McClain* [*v. Bureau of Prisons*], 9 F.3d [503] at 505 [(6th Cir. 1993)]." *Huffman* at 1359. *See also Broadwater v. Sanders*, 59 Fed. Appx. 112, 113-14, 2003 WL 463481, **1 (6th

6

Cir.(Ky.) February 20, 2003) (not selected for publication in the Federal Reporter) ("Because Broadwater received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence. *See* 18 U.S.C. §3585(b); *Wilson*, 503 U.S. at 337; *McClain*, 9 F.3d at 505. If Broadwater were credited for this time against his current federal sentence, he would receive improper double credit. *See* 18 U.S.C. §3585(b); *Wilson*, 503 U.S. at 337; *McClain*, 9 F.3d at 505.").

In *Easley v. Stepp*, 5 Fed. Appx. 541, 2001 WL 252891 (7th Cir. (Ill.)), the Seventh Circuit concluded that Easley was not eligible for credit for time served in a federal facility on a writ of *habeas corpus ad prosequendum*, noting that Easley was still serving his undischarged state sentence in Illinois when he was moved to the federal facility pursuant to the writ, and that the time spent in custody pursuant to the writ was applied to his state sentence. The court held that time spent in federal custody pursuant to the writ did not "transmute" into federal custody, because a prisoner detained under such a writ remains in *primary* custody of the sending state "[u]ntil that sovereign state relinquishes jurisdiction over him." *Easley* at 542.[5]

*McClain*, *Huffman*, and *Easley* control the outcome in the instant §2241 petition. To the extent that the petitioner was serving his Georgia state sentence during the 981 days at issue, that time would have been applied to his *state* sentence. He was in the primary custody of that state

---

[5]

*See also Jones v. Winn*, 13 Fed. Appx. 419, 420, 2001 WL 741733 (7th Cir. (Ill.)) (although Jones was "borrowed" by federal authorities for trial on his federal charges pursuant to a writ of *habeas corpus ad prosequendum*, he remained in the primary custody of Michigan state authorities at all times until completion of his state sentence); *Nguyen v. Department of Justice*, 173 F.3d 429, 1999 WL 96740 (6th Cir.(Ky.)) (time Nguyen spent in federal custody pursuant to *habeas corpus ad prosequendum*, while serving his state sentence, could not be applied to federal sentence because the time was credited to his state sentence).

7

entity. To award the petitioner with 981 days toward his federal sentence would result in the petitioner receiving a double credit for the same time served, in violation of 18 U.S.C. §3585(b) and the case law cited. The petition will be dismissed with prejudice for failure to state a claim upon which relief can be granted 28 U.S.C. §1915(e)(2).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1)  The petition of Stanford Usher for writ of habeas corpus is **DENIED**, *sua sponte*.

(2)  The action will be **DISMISSED WITH PREJUDICE** from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This 26th day of July, 2006.

JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service: